UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

YOUNG MOON, M.D. ]
    Plaintiff, ]
]
v. ] No. 3:09-0431
] Judge Trauger
MS. ELLEN BOWDEN McINTYRE, ]
et al. ]
    Defendants. ]

O R D E R

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. §§ 1981 and 1983. Because the plaintiff is a prisoner suing governmental employees, the Court is now obliged to screen the complaint to "identify cognizable claims or dismiss the complaint, or any portion of the complaint ...". 28 U.S.C. § 1915A.

The plaintiff describes this litigation as a "counter suit" to Case No. 3:06-0406. In Case No. 3:06-0406, the United States brought suit against the plaintiff to recover damages for fraudulent medical care payments. The plaintiff's statement of claim against the defendants reads in its entirety as follows :

> As grounds of the Counter suit against AUSA, Ms. Ellen Bowden McIntyre, Special Agent Mr. Robert Turner, and AUSA Stephen P. Jordan's violation of Dr. Young Moon, M.D.'s Constitutional Civil Rights of the above #1, #2, #3, and #4 based on the specificity of exculpatory evidence and the material facts.

Docket Entry No. 1 at pg. 2.
    *Pro se* pleadings are subject to liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has not spelled out in her complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra.* The plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the plaintiff has neglected to identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Consequently, the plaintiff has failed to state a claim upon which relief can be granted. This action, therefore, is hereby DISMISSED. 28 U.S.C. § 1915A(b)(1).[1]

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge

---

[1] According to the complaint, "In detail Complaint Statement, interrogatories, and punitive damages on the Memorandum will be followed within 30 days." Docket Entry No. 1 at pg. 2. However, a plaintiff is not permitted to amend her complaint in order to avoid a *sua sponte* dismissal under 28 U.S.C. § 1915A. Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999).